UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JUAN CARLOS GIL, an individual,

and

ACCESS 4 ALL, INC., a Florida not for Profit Corporation,

      Plaintiffs,

v.

SKYLINE HOSPITALITY GROUP, LLC, a New York Limited Liability Company,
and
BEST WESTERN INTERNATIONAL, INC. an Arizona Corporation, and
MUROFF DAIGLE HOSPITALITY GROUP, LLC, a Massachusetts Limited Liability Company,

      Defendants.
_____/

CASE: 1:25-cv-1014 (AMN/PJE)

## COMPLAINT

Plaintiffs, JUAN CARLOS GIL (hereinafter "GIL"), and ACCESS 4 ALL, INC. (hereinafter "Access"), on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, SKYLINE HOSPITALITY GROUP, LLC, a New York Limited Liability Company and BEST WESTERN INTERNATIONAL, INC., an Arizona Corporation, (collectively, "Defendants") and as grounds allege:

JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq*. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and

1

2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

3. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. Plaintiff, Gil, is an individual over eighteen years of age, and is otherwise *sui juris*. Plaintiff is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

5. Plaintiff, Gil, is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§36.101 *et seq.* and in 42 U.S.C. 3602, §802(h).

6. Plaintiff, Access, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Access and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. Access has also been discriminated against because of its association with its disabled members and their claims.

7. At all times material, SKYLINE HOSPITALITY GROUP, LLC, was and is a

New York Limited Liability Company, organized under the laws of the state of New York, with its principal place of business in New York.

8. At all times material, Defendant, SKYLINE HOSPITALITY GROUP, LLC, owned, leased, leased to, and/or operated one or more Commercial Property(ies) located at 2452 State Hwy 9N Lake George, NY 12845 (hereinafter the "Commercial Property").

9. At all times material, Defendant, SKYLINE HOSPITALITY GROUP, LLC owned, leased, leased to, and/or operated, *inter alia*, a hotel at the Commercial Property, held out to the public as "Best Western Lake George".

10. At all times material, Defendant, BEST WESTERN INTERNATIONAL, INC. was and is an Arizona Corporation, organized under the laws of the state of Arizona, with its principal place of business in Arizona.

11. At all times material, Defendant, BEST WESTERN INTERNATIONAL, INC., owned, leased, leased to, and/or operated one or more Commercial Property(ies) located at 2452 State Hwy 9N Lake George, NY 12845 (hereinafter the "Commercial Property").

12. At all times material, Defendant, BEST WESTERN INTERNATIONAL, INC., owned, leased, leased to, and/or operated, *inter alia*, a hotel at the Commercial Property, held out to the public as "Best Western Lake George".

13. At all times material, Defendant, MUROFF DAIGLE HOSPITALITY GROUP, LLC, was and is a Massachusetts Limited Liability Company, organized under the laws of the state of Massachusetts, with its principal place of business in Massachusetts.

14. At all times material, Defendant, MUROFF DAIGLE HOSPITALITY GROUP, LLC owned, leased, leased to, and/or operated one or more Commercial Property(ies) located at 2452 State Hwy 9N Lake George, NY 12845 (hereinafter the "Commercial Property").

15. At all times material, Defendant, MUROFF DAIGLE HOSPITALITY GROUP, LLC owned, leased, leased to, and/or operated, *inter alia*, a hotel at the Commercial Property, held out to the public as "Best Western Lake George".

16. Venue is properly located in the Northern District of New York pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Warren County, New York.

17. Defendants' Commercial Property at issue in this matter and the business therein are located in and around the Warren County area. The Defendants regularly conduct business within Warren County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Warren County area.

## FACTUAL ALLEGATIONS

18. Plaintiff, Gil, is an advocate for the rights of blind and wheelchair bound disabled individuals (like himself). Plaintiff travels around the U.S. and internationally, including but not limited to events aimed at, or geared toward, people with disabilities. Plaintiff, Gil, is also an active member of the National Federation of the Blind and on the board of directors for Access. As such, he actively promotes both groups and addresses the needs of active and prospective members of both organizations and the disabled community at large, on his travels.

19. Although Plaintiff, Gil, currently lives in South Florida, he visits the Lake George frequently. Plaintiff, Gil, is an avid racing fan and NYRABets card-holder who visits the Saratoga Racetrack whenever possible. Plaintiff, Gil, last visited the Saratoga Racetrack on June 4th, 5th, of 2025 and is returning to see racing and concert events at the SPAC from July 24-27th, 2025. While he was visiting for the Belmont Festival held at the Saratoga Racetrack in June 2025, Plaintiff, Gil, stayed in Lake George for three nights including one night at the

Commercial Property. Upon discovering he was unable to use the shower and other amenities at the hotel, he was forced to make other arrangements at the last minute. Beyond attending Saratoga for racing events and concerts, he enjoys the Lake George atmosphere which he finds invigorating. He dined at two Lake George Restaurants on June 5th and 6th and spent June 6th at Six Flags theme Park in Queensbury. After his upcoming July trip for racing and concert events, he has reservations to return to the Commercial Property for a stay on September 8-9th, 2025 while he is in the area for a Blink-182 show and Octoberfest at Six Flags theme park. If the property remains inaccessible at that time, he will once again be forced to change accommodations and will suffer the stress and expense of another last minute relocation.

## COUNT I – ADA VIOLATIONS

20. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 19 above as though fully set forth herein.

21. Defendants have discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

22. Defendants have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendants' Commercial Property includes, but is not limited to, the following:

A. Parking and Exterior Routes

   i. Parking spaces and access aisles contain slopes of greater than 6%, violating §502.4 of the 2010 ADA Standards for Accessible Design.

   ii. Parking signs are at a height of more than 60 inches above the floor, violating §502.6

       of the 2010 ADA Standards for Accessible Design.

iii. Parking spaces are not located on an accessible route, violating §502.3 of the 2010 ADA Standards for Accessible Design.

iv. Passenger loading zone violates §503 of the 2010 ADA Standards for Accessible Design.

v. Route contains excessive slopes and cross slopes greater than 4%, violating §403.3 of the 2010 ADA Standards for Accessible Design.

vi. Route contains ramps without handrails, violating §405.8 of the 2010 ADA Standards for Accessible Design.

vii. Side guest entrance contains changes of level within required maneuvering clearance, violating §404.2.4 of the 2010 ADA Standards for Accessible Design.

viii. Inaccessible entrance lacks required directional signage, violating §216.6 of the 2010 ADA Standards for Accessible Design.

B. <u>Access to Goods and Services</u>

i. Dining and work surfaces throughout property lack required toe clearance, violating §902.2 and 306 of the 2010 ADA Standards for Accessible Design.

ii. Less than 5% of all dining spaces are accessible, violating §226 of the 2010 ADA Standards for Accessible Design.

iii. Exterior pool gate lacks required maneuvering clearance, violating §404.2.4 of the 2010 ADA Standards for Accessible Design.

C. <u>Restrooms</u>

i. Grab bars are not provided, violating §604.5 and 609 of the 2010 ADA Standards for

            Accessible Design.

     ii.     Water closet lacks required clear floor space, violating §604.3 of the 2010 ADA Standards for Accessible Design.

     iii.     Restroom door lacks required maneuvering clearance to exit, violating §404.2.4 of the 2010 ADA Standards for Accessible Design.

     iv.     Sink lacks required knee clearance, violating §606 and 306.3 of the 2010 ADA Standards for Accessible Design.

D.     <u>Hotel Guestrooms</u>

     i.     Doors lack maneuvering clearance to exit, violating §404.2.4 of the 2010 ADA Standards for Accessible Design.

     ii.     Window blinds are mounted beyond reach and have inoperable parts, violating §308 and 309 of the 2010 ADA Standards for Accessible Design.

     iii.     Clearance around bed is less than 30 inches, violating §305 and 806 of the 2010 ADA Standards for Accessible Design.

     iv.     Grab bars are improperly located, violating §604.5 and 609 of the 2010 ADA Standards for Accessible Design.

     v.     Flush control is not mounted to the open side, violating §604.6 of the 2010 ADA Standards for Accessible Design.

     vi.     Mirror is set at a height of more than 40 inches above the floor to reflective surface, violating §603.3 of the 2010 ADA Standards for Accessible Design.

     vii.     Shelves and storage are set at a height of more than 48 inches above the floor, violating §308 of the 2010 ADA Standards for Accessible Design.

     viii.     Toilet paper dispenser is improperly located, violating §604.7 of the 2010 ADA

   Standards for Accessible Design.

ix. Tub controls are improperly located, violating §607.5 of the 2010 ADA Standards for Accessible Design.

x. Improper grab bars are installed, violating §607.4.2 of the 2010 ADA Standards for Accessible Design.

Relief Sought and the Basis

23. The discriminatory violations described in this Complaint are not an exclusive list of Defendants' ADA violations. Plaintiffs request an inspection of Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

24. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendants' Commercial Property and the businesses within the Commercial Property; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the

Americans with Disabilities Act.

25. Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. A defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

28. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendants.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendants operate their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

### COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)

30. Plaintiffs incorporate and reallege paragraphs 1 through 29 as though set forth fully herein.

31. This is an action for violations of the ADA and 28 C.F.R. Section 36.302(e)(1).

32. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested

10

is the only remaining room of that type;

(iv)     Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v)     Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

These regulations became effective March 15, 2012.

33.     Defendants, either themselves or by and through a third party, implemented, operates, controls and or maintains Websites for the Commercial Property which contain an online reservations system. These website(s) are located at https://www.bestwestern.com/en_US/book/hotel-rooms.33029.html?iata=00171880&ssob=BLBWI0004G&cid=BLBWI0004G:google:gmb:33029 among others. This term also includes all other websites owned and operated by Defendants or by third parties to book or reserve guest accommodations at the Commercial Property hotel ("Websites"). The purpose of these websites is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, these websites are subject to the requirements of 28 C.F.R. Section 36.302(e).

34.     Prior to the commencement of this lawsuit, Plaintiffs visited these websites for the purpose of reviewing and assessing the accessible features at the Commercial Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and their accessibility needs. In each instance, at various points in the reservation process each website indicated that

handicap or mobility accessible rooms were available.

35. In each instance the websites provided insufficient or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiff's room did not contain sufficient accommodations and, consequently, Plaintiff was not able to use the room.

36. In the near future, including as set forth above, Plaintiffs intend to revisit Defendants' websites and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

37. Plaintiffs are continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless they are willing to suffer additional discrimination.

38. The violations present at Defendants' websites infringe Plaintiffs' right to travel free of discrimination and deprive them of the information required to make meaningful choices for travel. Plaintiffs have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' websites. By continuing to operate the websites with discriminatory conditions, Defendants contribute to Plaintiffs' sense of isolation and segregation and deprive Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants' websites and knowing that it would be a futile gesture to return to the websites unless they are willing to endure additional discrimination, Plaintiffs are deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. Defendants' online reservations system serves as a gateway to its hotel. Because

this online reservations system discriminates against Plaintiffs, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

39. Plaintiffs have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to modify their websites to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remain in compliance.

40. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to these websites. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants.

41. Defendants have discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendants continue to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

42. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs

and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

43. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter the subject websites to make them readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendants cure its' violations of the ADA.

44. Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request:

a. the Court issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

b. injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c. injunctive relief against the Defendants including an order to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement;

d.      an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and

e.      such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: July 24th, 2025                              Respectfully submitted,

/s/ Joseph M. Horn_____
Joseph M. Horn, Esq.
ID: JH0123
Law Office of Joseph M. Horn
500 Lake Street, Suite D
Ramsey, NJ 07446
T: 201-884-6000
F: 201-205-1382
E: hornesq@gmail.com
*Attorneys for Plaintiffs*
Local Counsel

/s/ John A. Salcedo_____
John A. Salcedo, Esq.
Florida Bar No.: 14665
The Mineo Salcedo Law Firm, P.A.
5600 Davie Road
Davie, FL 33314
T: 954.463.8100
E: jsalcedo@mineolaw.com
Attorney for Plaintiffs
Pro Hac Vice Motion to Follow

15